# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LOVELL JAHVON JONES | § |
| | § |
| v. | § NO. 1:17-CV-304-RP |
| | § |
| NETSPEND CARD CO. | § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant NetSpend Corporation's Amended Motion to Compel Arbitration and Stay Case (Dkt. No. 29), Plaintiff's Response (Dkt. No. 23), and Plaintiff's Motion to Amend Statement (Dkt. No. 22). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

Lovell Jahvon Jones brought this suit against NetSpend Card Company for violations of 15 U.S.C. § 1693, negligence, and breach of contract for NetSpend's alleged failure to address unauthorized electronic transactions on his prepaid debit card account. NetSpend now moves to compel arbitration of Jones' claims pursuant to the arbitration clause in the Cardholder Agreement. The Agreement allows a party to request arbitration on

> any claim, dispute or controversy between [the cardholder] and [NetSpend] arising from or relating to the Card Account or this Agreement as well as any related or prior agreement that you may have had with us or the relationships resulting from this Agreement, including the validity, enforceability or scope of this Arbitration Provision or the Agreements.

Dkt. No. 29-2 at 138. According to the Agreement, arbitration can be requested by either the cardholder or NetSpend, and once a party has requested arbitration, no party will have the right to litigate that claim in court. *Id.* at 139. NetSpend therefore moves to compel arbitration on Jones' claims.

## II. ANALYSIS

The Federal Arbitration Act requires a district court to stay judicial proceedings where a written agreement provides for the arbitration of the dispute that is the subject of the litigation. 9 U.S.C. § 3. As the Supreme Court has observed, "[t]he preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered, a concern which requires that [courts] rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 625-26(1985) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221(1985)) (internal citations omitted). Under the FAA, arbitration agreements are considered "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

In deciding a motion to compel arbitration under the FAA, courts generally conduct a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). First, the court determines "whether the parties agreed to arbitrate the dispute in question." *Id.* at 258 (citations omitted). "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* If the court finds at step one there is an agreement to arbitrate, then at step two the court considers "whether legal constraints external to the parties' agreement foreclose[ ] the arbitration of those claims." *Id.* (internal quotation marks and citations omitted). The party

2

seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity, and the court must resolve all doubts concerning the arbitrability of claims in favor of arbitration. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004); *Mitsubishi Motors*, 473 U.S. at 626.

Here, the record demonstrates a valid agreement to arbitrate between the parties. Jones contends that he never saw the Cardholder Agreement prior to this lawsuit. However, NetSpend has attached an affidavit by James L. Lyle, the Subpoena Compliance Manager for NetSpend, which states that "[w]hen Jones received his debit card for his Account, it was accompanied by the 'Cardholder Agreement' establishing the terms of the Account, which Jones accepted by maintaining and using the MasterCard card associated with his Account." Dkt. No. 29-1 at 1-2. This establishes that, at the very least, Jones received the Agreement when he received his card. *See Stinger v. Chase Bank, USA, NA*, 265 F. App'x 224, 227 (5th Cr. 2008) (finding that the plaintiff's "unsupported statement that he had not received the [agreement]" was insufficient to deny the motion to compel arbitration). Additionally, the arbitration clause in the Agreement was clearly labeled, in ordinary font, and with several sections bolded. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (failing to read document does not excuse party from arbitration). Moreover, the Fifth Circuit has enforced arbitration clauses contained in agreements that "become effective upon use of the cards." 265 F. App'x at 227. Because it is undisputed that Jones has used his NetSpend card, the Court finds that there is a valid arbitration agreement between the parties.

Second, Jones' claims fall within the arbitration clause. Jones brought claims for negligence, breach of contract, and violations of 15 U.S.C. § 1693, claiming that NetSpend failed to refund unauthorized purchases on his account. The Agreement states that any claims "arising from or

3

relating to the Card Account or Agreement" are arbitrable. Dkt. No. 29-2 at 138. It further elaborates on examples of disputes which are subject to arbitration, including "the amount of available funds in your Card Account" and "the benefits and services related to your Card Account." *Id.* at 139. Because Jones' claims relate to the amount of funds in his account, and more to the point, NetSpend's alleged failure to refund the unauthorized purchases pursuant to the Agreement, the dispute falls within the arbitration clause. Jones does not appear to argue otherwise.

However, Jones contends that compelling arbitration is a "bullying tactic" and is unfair. Dkt. No. 23 at 1. Interpreting this argument broadly, the Court assumes that Jones is arguing that the arbitration clause of the Agreement is unconscionable. He asserts that he "is not familure [sic] with such litigation and feels that [federal court is] the only appropriate way for him to have a fare [sic] case." *Id.* However, arbitration clauses with nearly identical language have been enforced. *See Wynne v. American Exp. Co.*, 2010 WL 3860362, at *6–8 (E.D. Tex. Sep. 30, 2010) (finding that clauses which state that "the parties have mutually agreed to arbitration upon the election of either party" are valid); *Stinger*, 265 F. App'x at 227 (same). The arbitration clause in this Agreement provides that *either* party may compel arbitration, and that both are bound by this decision. Dkt. No. 29-2 at 139. "Moreover, unconscionability principles should only be applied to prevent unfair surprise or oppression, not to negate a bargain simply because one party to the agreement may have been in a less advantageous bargaining position." *Wynne*, 2010 WL 38603622, at *8 (citing *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 679 (Tex. 2006)). As such, the arbitration clause is enforceable.[1]

---

[1]Because the Court is recommending the District Court compel arbitration, Plaintiff's Motion to Amend Statement should be denied. *See Penson Fin. Servs., Inc. v. MISR Securities Int'l*, 2007 WL 4322150, at *4 (N.D. Tex. Dec. 10, 2007). In his motion, Jones does not seek to add any claims

4

The Fifth Circuit has held that "the weight of authority clearly supports dismissal of a case when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Although dismissal is discretionary, because all of the issues presented in this case are subject to arbitration, the proper exercise of that discretion here would be to dismiss the case.

## III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion to Compel Arbitration and Stay Case (Dkt. No. 29), **ORDER** the Parties to proceed to arbitration, and **DISMISS** this case. The Court **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Amend Statement (Dkt. No. 22).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

that would not also be subject to arbitration. Moreover, Jones merely seeks to add claims that have already been dismissed, namely claims for "privacy" and false or misleading claims.

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of May, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE